Allen, J.
delivered the opinion of the Court.
The Court is of opinion, that as the depositions of John Lawrence and Elijah Meacham, taken on behalf of the plaintiff, had been read to the jury as evidence to sustain the issue on her part, it was competent to impeach the credit of said witnesses, or either of them, by proof that the witness had made statements, orally or in writing, inconsistent with the testimony given on the trial or contained in his deposition. But such testimony of inconsistent statements is admissible only for the purpose of impeaching the credit of the witness, but cannot be received as evidence of any fact touching the issue to be tried; for that would be to substitute the statements of a witness, generally when not on oath, as evidence between the parties, for his testimony given under the sanction of an oath upon the trial.
The Court is further of opinion, that when such inconsistent statements are offered in evidence, it is not *61 competent for the party thus impeaching the witness, to introduce further evidence to contradict such statements so offered in evidence by himself; because this would be unjust to the witness and the party introducing him ; for though every witness may be supposed to come prepared to sustain the truth of his testimony given on the trial, aud his general character, he cannot be expected to come prepared to prove the truth of every collateral statement he may have made on another occasion. It was, therefore, competent for the defendant in the case under consideration, to introduce the affidavit of said Elijah Meacham. dated the 11th of April 1826, to shew thereby, if he could, for the purpose of impeaching Meachamis credit, that in said affidavit, he had made statements inconsistent with his testimony as contained in his deposition ; but having introduced the affidavit for this purpose, it was not proper to introduce evidence to contradict the statements of the witness appearing in the affidavit, and so to impeach his credit, by giving evidence of a collateral statement, and then proving such collateral statement was false.
It was therefore irregular on the part of the defendant. after reading said affidavit in evidence, to introduce the act of the General Assembly of Connecticut, for the purpose of contradicting a statement in said affidavit, thereby to discredit the witness by shewing a want of memory or of veracity in respect to that statement ; and such improper testimony offered for the purpose aforesaid, if objected to by the plaintiff, should have been excluded from the jury.
But the Court is further of opinion, that after permitting such improper testimony to go to the jury without objection, it was not competent for the plaintiff to counteract the effect thereof, by the introduction of testimony in itself illegal and improper. All evidence, therefore, offered by the plaintiff to sustain, not the testimony of the witness, as contained in the deposition, but the *62 statements contained in said affidavit, should have been excluded; and this, whether such rebutting testimony offered by the plaintiff, was confined to the particular in which the affidavit had been assailed, or applied to any independent statement in the affidavit which had not been contradicted. Any other rule would tend to divert the attention of the jury from the real enquiry before them, whether the witness was entitled to credit in the evidence he had given, to the enquiry whether he had told the truth upon some collateral question; and the danger is encountered, that upon this collateral issue raised on the trial, evidence may become proper, and so be let in, which would be illegal upon the trial of the issue between the real parties to the cause ; and such illegal testimony may make an improper impression upon the minds of the jury, notwithstanding any instruction of the Court as to the proper bearing thereof.
The Court is further of opinion, that the question growing out of the form of the exceptions to the depositions, does not arise upon the bill of exceptions in this case ; because it appears that the parts of the depositions excepted to, were brought to the notice of the Court, acted on by it, and were permitted to be read to the jury, under a specific instruction applicable to such portions of the depositions only. The Court having acted and decided, the propriety of that decision is the sole question presented by the bill of exceptions, and not the question whether the Court might not have refused to consider the exceptions on account of the form in which they were taken.
It therefore seems to the Court here, that the Circuit Court erred in overruling the exceptions of the defendant to so much of the depositions of Sally Coit, Thubal Styles, Sarah Nelson and Jeremiah Nelson, as was hearsay, or gave the common report that Flora had been considered as a free woman in Massachusetts, and had been carried off by Hanchett, or by Bronson and Han *63 chett; aud in permitting such portions of said depositions to be read to the jury, for the purpose of corroborating the testimony of said John Lawrence and Elijah Meacham, or either of them, or for any other purpose.
Judgment reversed, verdict and judgment set aside, and cause remanded for a new trial of the issue joined, upon which so much of said depositions as were excepted to for the cause aforesaid, are to be specifically designated by the Court and excluded from the jury if again objected to.